# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TWIN CITIES PUBLIC TELEVISION,  )
INC.,  )
172 East 4th Street  )
Saint Paul, Minnesota 55101  )
                                      Plaintiff,  )      Civil No. _____
                                                )
vs.  )
                                                )
RH REALITY CHECK CORP. d/b/a  )
REWIRE,  )
10125 Colesville Road #176  )
Silver Spring, Maryland  20901  )
(Montgomery County)  )
                                                )
                                      Defendant.  )

## COMPLAINT AND JURY DEMAND

For its Complaint against Defendant RH Reality Check d/b/a Rewire ("RHRC"), Plaintiff Twin Cities Public Television, Inc. ("TPT") states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and common law.

## THE PARTIES

2. Plaintiff TPT is a Minnesota non-profit corporation with its principal place of business in St. Paul, Minnesota.

3. Defendant RHRC is a Maryland Corporation with its principal place of business in Silver Spring, Maryland.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over TPT's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over TPT's common law claim pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because that claim is joined with substantial and related claims under the Lanham Act, and is so related to the claims under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

5. The exercise of *in personam* jurisdiction over Defendant RHRC comports with the laws of the State of Maryland and the constitutional requirements of due process at least because RHRC is a Maryland Corporation, maintains an office in Silver Spring, Maryland, has employees in Maryland, regularly transacts business and provides services in Maryland, and because the conduct complained of occurred at least in part in Maryland.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) because Defendant resides in this District.

## GENERAL ALLEGATIONS

A. **TPT and Its REWIRE Mark.**

7. TPT is a prolific producer of local and national media content and a leader in digital publishing. Since 1957, TPT has used the power of media to advance the arts, spur learning, help young people succeed and help adults age vitally. TPT not only presents

extraordinary PBS programming but also produces award-winning digital content for the national PBS system. In 2015, TPT was the highest-rated local PBS service in the nation for the fourth year in a row. TPT's programs and productions have been honored with numerous awards, including Peabody awards and national and regional Emmys.

8. In November 2013, TPT launched Rewire, a multimedia platform aimed at engaging a new generation of public media consumers, creators, and collaborators. Rewire is a hub for thoughtful experimentation in digital content, including reporting, storytelling, and much more. A true and correct printout of the Rewire homepage located at <http://rewire.tpt.org/> on May 25, 2016 is attached hereto as **Exhibit A**.

9. TPT's Rewire platform offers reporting, storytelling, and analysis—among other online content—on topics including current events, science, the environment, history, the arts, LGBTQ issues, and gender issues.

10. Over the past three years, hundreds of thousands of users have consumed content—including reporting, storytelling, and analysis—streamed, broadcast and/or presented online under TPT's Rewire brand. Through TPT's continuous and extensive use and promotion of its services under the Rewire brand, and through the exercise of control over the quality of those services, the Rewire brand has amassed substantial and valuable goodwill and consumer recognition. Consumers closely associate the distinctive term "Rewire" with TPT and TPT's services.

11. The substantial and valuable body of goodwill in TPT's Rewire brand is symbolized by, among other things, TPT's trademark REWIRE (the "REWIRE Mark").

12. In addition to robust common law rights in the REWIRE Mark, TPT owns the following federal trademark registrations:

| Trademark | Reg. No. | Services |
|---|---|---|
| REWIRE | 4,551,914 | Television broadcasting; broadcasting programs via a global computer network; broadcasting services and provision of telecommunication access to multimedia and text content provided via the Internet; television program broadcasting via cable; transmission of sound, video, and information; podcasting services; streaming of multimedia material on the Internet; and television transmission services |
| REWIRE | 4,744,490 | Entertainment and education services, namely, the production and distribution of ongoing public television programs focused on science, history, the arts and current events that are broadcast over television, satellite, audio, video and electronic media; Entertainment services in the nature of creation, development, and production of television programming; Development and dissemination of printed educational materials of others in the field of science, history, the arts and current events; On-line journals, namely, blogs featuring science, history, the arts and current events; Providing a web site featuring information on historic figures; Providing a website featuring information in the field of art, art history, art culture and art appreciation; Providing information and news in the field of current events relating to science, history, the arts and current events; Organizing and hosting of events for cultural purposes. |

(the "REWIRE Registrations"). True and correct printouts from the USPTO website showing the current status and title for these registrations are attached hereto as **Exhibit B**.

13. Under federal law, TPT's nationwide priority in the REWIRE Mark dates back to at least as early as October 25, 2013.

14. TPT has not authorized Defendant to use the REWIRE Mark in any manner whatsoever.

**B.    Defendant and Its Unlawful Acts.**

15. Defendant RHRC offers a daily online news publication reporting on a variety of topics, including abortion, contraception, economic justice, politics, race, law and policy,

LGBTQ issues, religion, the media, sexual health, violence, human rights, science, sexuality, health systems, family, maternity and birthing, and the environment.

16.     Defendant originally offered its online reporting and storytelling services (which include streaming video) under the brand "RH Reality Check."  Upon information and belief, in or around March 2016, Defendant rebranded as "Rewire", and launched its rebranded website located at <https://rewire.news/>.  A true and correct printout of Defendant's homepage located at <http://rewire.news/> on May 26, 2016 is attached hereto as **Exhibit C**.

17.     Because Defendant's first use of REWIRE occurred after 2013, TPT has priority of right.

18.     Defendant's use of the designation REWIRE is likely to cause confusion, mistake, or deception in the market as to the source or origin of Defendant's services, and to falsely suggest that Defendant and its services are sponsored by, connected to, or associated with TPT.

19.     Indeed, actual confusion as to the source of RHRC's online reporting and storytelling services has already occurred.  Specifically, on or about April 14, 2016, Twitter user @lilithfund published the following tweet:

 Read this powerful essay in @tptRewire: "You Can't Go Home Again: North Carolina's HB 2 Criminalizes Trans Life" http://ow.ly/10jWv9
lilithfund 29 minutes ago

20. In addition, TPT is aware of multiple tweets that reference TPT but link to content on Defendant's website.

21. Upon information and belief, Defendant commenced its competing use of the designation REWIRE with knowledge of the REWIRE Mark and TPT's services offered under the REWIRE Mark.

22. TPT first informed Defendant of TPT's superior rights in the REWIRE Mark by email correspondence dated March 24, 2016, and consistent with its mission as a nonprofit, provided Defendant with multiple opportunities to cease its wrongful conduct short of filing this action. Notwithstanding these multiple communications regarding Defendant's confusing and wrongful use of the REWIRE Mark, Defendant nonetheless declined to cease and desist from its use of the designation REWIRE.

23. By using the REWIRE Mark in connection with online reporting and storytelling services, Defendant is willfully and intentionally trading upon the goodwill TPT has at its considerable expense and effort developed in the REWIRE Mark. Defendant thereby has caused and is causing TPT substantial and irreparable harm and injury.

24. TPT has no control over the quality of the services Defendant provides under the designation REWIRE. The invaluable goodwill represented in the REWIRE Mark is thereby wrongfully at Defendant's mercy.

## COUNT I
### Infringement of Federally Registered Marks
### (15 U.S.C. § 1114(1))

25. TPT repeats and realleges the preceding paragraphs as if fully set forth herein.

26. TPT's REWIRE Registrations evidence TPT's exclusive right to use the REWIRE Mark in connection with the goods and services identified therein.

27. TPT commenced use of the REWIRE Mark in interstate commerce prior to any use of the designation REWIRE by Defendant.

28. Defendant is not authorized to use the REWIRE Mark or any designation confusingly similar or that in any way represents or implies that Defendant and/or its services are in any way associated with TPT and/or with the services offered under the REWIRE Mark.

29. Defendant's unauthorized use of the designation REWIRE in connection with online reporting and storytelling services constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Defendant's use of REWIRE is likely to cause confusion, mistake, and/or deception in the marketplace as to the source or origin of its services, and falsely suggests that Defendant's services are sponsored by, connected to, or otherwise associated with TPT.

30. As a direct and proximate result of Defendant's infringement of the REWIRE Mark, TPT has suffered, and will continue to suffer, irreparable harm to its business, reputation, and goodwill, unless and until Defendant's actions as alleged herein are preliminarily and permanently enjoined.  TPT has no adequate remedy at law.

31. As a direct and proximate result of Defendant's actions described herein, TPT is entitled to a monetary recovery under 15 U.S.C. § 1117 in an amount to be proven at trial.

32. Defendant's actions described herein have been knowing, willful, and deliberate. This is therefore an exceptional case within the meaning of 15 U.S.C. § 1117(a), and TPT should be awarded enhanced damages and its reasonable costs and attorneys' fees.

## COUNT II
### False Designation of Origin
### (15 U.S.C. § 1125(a))

33. TPT repeats and realleges the preceding paragraphs as if fully set forth herein.

34. TPT commenced use of the REWIRE Mark in interstate commerce prior to any use of the designation REWIRE by Defendant.

35. Defendant is not authorized to use the REWIRE Mark or any designation confusingly similar or that in any way represents or implies that Defendant and/or its services are in any way associated with TPT and/or with the services offered under the REWIRE Mark.

36. Defendant's unauthorized use of the designation REWIRE in connection with online reporting and storytelling services constitutes false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a). Defendant's use of REWIRE is likely to cause confusion, mistake, and/or deception in the marketplace as to the source or origin of its services, and falsely suggests that Defendant's services are sponsored by, connected to, or otherwise associated with TPT.

37. As a direct and proximate result of Defendant's actions described herein, TPT has suffered, and will continue to suffer, irreparable harm to its business, reputation, and

goodwill, unless and until Defendant's actions as alleged herein are preliminarily and permanently enjoined. TPT has no adequate remedy at law.

38. As a direct and proximate result of Defendant's actions described herein, TPT is entitled to a monetary recovery under 15 U.S.C. § 1117 in an amount to be proven at trial.

39. Defendant's actions described herein have been knowing, willful, and deliberate. This is therefore an exceptional case within the meaning of 15 U.S.C. § 1117(a), and TPT should be awarded enhanced damages and its reasonable costs and attorneys' fees.

## COUNT III
### Unfair Competition
### (Common Law)

40. TPT repeats and realleges the preceding paragraphs as if fully set forth herein.

41. Defendant's unauthorized use of the designation REWIRE as alleged herein constitutes common law unfair competition. Defendant's use of REWIRE is likely to cause confusion, mistake and/or deception as to the source or origin of Defendant's services, and to falsely suggest that Defendant and its services are sponsored by, connected to, or associated with TPT.

42. Defendant's wrongful use of the designation REWIRE is knowing, deliberate, and willful.

43. As a direct and proximate result of Defendant's actions described herein, TPT has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court preliminarily and permanently enjoins Defendant's actions. TPT has no adequate remedy at law.

44. As a direct and proximate result of Defendant's actions described herein, TPT has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** TPT prays that this Court:

A. Preliminarily and permanently enjoin and restrain RHRC, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them who receive actual notice of the Court's order, from using the REWIRE Mark and any other mark or designation confusingly similar to the REWIRE Mark;

B. Order Defendant to pay to TPT such damages as TPT has sustained by reason of Defendant's trademark infringement, false designation of origin, unfair competition, and other wrongful conduct;

C. Order Defendant to account for and to pay TPT all profits derived by Defendant by reason of the acts complained of herein;

D. Treble all profits and damages owing to TPT due to Defendant's willful trademark infringement and false designation of origin pursuant to 15 U.S.C. § 1117(a);

E. Order Defendant to pay TPT its reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1117(a) and/or other applicable law; and

F. Grant TPT such other and further relief as the Court may find to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure Rule 38(b), TPT demands a trial by jury on all claims to which a right to jury trial exists under law.

Dated: June 17, 2016                    Respectfully submitted,

FAEGRE BAKER DANIELS LLP


By:   /s/ *Marva Deskins Hamilton*

Marva Deskins Hamilton (No. 17251)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46208
Phone: (317) 237-0300
Fax: (317) 237-1000
Email: marva.hamilton@FaegreBD.com

*Counsel for Plaintiff Twin Cities Public Television*